IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEYEMBO MIKANDA, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 19-966-RGA |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

Neyembo Mikanda, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 14, 2019
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Neyembo Mikanda proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 24). He commenced this action on May 28, 2019. (D.I. 2). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

Plaintiff's initial pleading is titled "declaration of Royal Immunity & Liability Settlement" and seeks to withdraw two criminal cases filed against him; one filed in 2008 in the United States District Court for the District of New Jersey and the other filed in 2015 in the General District Court of Stafford County, Virginia. *See United States v. Mikanda*, Crim. No. 08-0130-NLH (D.N.J.); *Commonwealth v. Mikanda*, No. GC15021712-00 (Va. Gen. Dist. Ct. 2015). (D.I. 2). While not clear, he seems to seek compensation for "mistaken imprisonment." (D.I. 2 at § 6). Plaintiff states that "he shall be the 40th Verse President and King for the Life of the United States." (*Id.* at 2). He states that he "died and rose again", "will live and live", "will rule and rule", and "will reign and reign." (*Id.*). These are just a few of the numerous disjointed and fantastical allegations raised by Plaintiff.

It seems that he seeks compensation from the United States and others based upon the eighteen proposed orders he filed against various individuals and entities each referencing a sum of money due him. (*See* D.I. 4 through D.I. 21). Plaintiff also filed a "Sentence of Imprisonment" that contains disturbing content. (D.I. 22).

1

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## DISCUSSION

While the Court construes *pro se* filings liberally, *Erickson v. Pardus*, 551 U.S. at 94 (quoting *Estelle v. Gamble*. 429 U.S. 97, 104-05 (1976)), Plaintiff's Complaint states no recognizable causes of action. The Court finds that the Complaint contains fantastical and/or delusional claims that are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (complaint may be dismissed as lacking a basis in fact if premised upon allegations that are fanciful, fantastic, and delusional); *Golden v. Coleman*, 429 F. App'x 73 (3d Cir. 2011). After reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims are both nonsensical and frivolous. The Complaint will be dismissed.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate order will be entered.